## Case No. 9,659.

### MITCHELL v. BARCLAY.

Circuit Court, S. D. New York. 1860.

PATENTS—LICENSE—ESTOPPEL— CERTAINTY — AD-VERSE PATENT—EXCLUSIVE POSSESSION AND ENJOYMENT—BARE HOLDING OF PATENT.

1. The mere taking a license does not estop the licensee denying the validity of a patent.

2. In order to establish a right by estoppel, the instrument in support of the estoppel must be precise and certain, and must cover a range as wide as the effect sought to be given to it.

3. Upon a motion for a preliminary injunction, the defendant justified his acts under an outstanding adverse patent, which however was alleged to have been irregularly issued. *Held*, that the court would not ignore the rights of parties under such instrument, because there may have been some irregularity in its issue, and assume it to be a nullity.

4. Where there has been no adjudication as to the validity of a patent under which a party claims, such party must show that he has had exclusive possession and enjoyment for some time before a preliminary injunction will be granted in his favor.

5. The possession and enjoyment of a patent, which will justify a court in granting a preliminary injunction, previous to a trial at law establishing the validity of the patent, must be something more than the mere holding of the parchment, or muniment of title, or experimenting with the patented article. If it is a machine or tool it must be brought into use; if a process, it must be put in execution; if a composition of matter or patented article, it must be put on sale. This is the true doctrine both in England and in this country.

6. The bare holding of a patent and an infringement alone constitute no complete ground of relief, at least by preliminary injunction.

[Cited in Law, Pat. Dig. 281, 387, 395, and 464, to the points as stated above. Nowhere more fully reported; opinion not now accessible.]

[Decided by SHIPMAN, District Judge.]